IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY FAHY** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **MARTIN HORN**, Commissioner, Pennsylvania Department of Corrections; | : | No. 99-5086 |
| **CONNER BLAINE, JR**, Superintendent of the State Correctional Institution at Greene; and | : | THIS IS A CAPITAL CASE |
| **JOSEPH P. MAZURKIEWICZ**, Superintendent of the State Correctional Institution at Rockview | : | |

## ORDER

**AND NOW**, this 26th day of August, 2014, upon consideration of:

A.   Amended Petition for Writ of Habeas Corpus (paper no. 1);

B.   Memorandum of Law in Support of Petitioner Henry Fahy's Petition for Writ of Habeas Corpus (paper no. 16);

C.   Petitioner's Consolidated Amendments to Petition for a Writ of Habeas Corpus and Supplemental Memorandum (paper no. 42);

D.   Response to Petition for Writ of Habeas Corpus by Respondents (paper no. 46), the accompanying Memorandum of Law (paper no. 47) and Exhibits (paper no. 48);

E.   Petitioner's Reply Memorandum in Support of Petition for Writ of Habeas Corpus (paper no. 52);

F.   Response to Petitioner's Reply Brief (paper no. 55);

G.   The record of Petitioner's case in state court, the expanded record and the evidence presented at evidentiary hearings held by this court on November 18, November 22, and December 12, 2002;

H.   This court's memorandum and order filed August 26, 2003 (paper no. 72);

I.   The Court of Appeals's opinion, *Fahy v. Horn*, 516 F.3d 169 (3d Cir. 2008), and order (paper no. 79);

  J.  Respondent's Supplemental Memorandum of Law and Exhibits (paper no. 86);

  K.  Petitioner's Supplemental Memorandum of Law Following Remand (paper no. 87);

  L.  Response to Petitioner's Supplemental Memorandum of Law Following Remand (paper no. 88);

  M.  Oral argument before this court; and

  N.  Post-argument letters and responses (papers no. 91, 93, 94).

It is **ORDERED** that:

1. Petitioner Henry Fahy's Petition for Writ of Habeas Corpus is **GRANTED** as to:
    a. Claim A[1] (Trial counsel was ineffective at sentencing phase for failing to reasonably prepare for capital sentencing and failing to develop and present available and compelling mitigating evidence");
    b. Claim C ("Henry Fahy's death sentence violates the Sixth, Eighth and Fourteenth Amendments to the United States Constitution because the jury was not permitted to consider and give effect to all of the non-statutory mitigating evidence that was presented"); and
    c. Claim D ("Trial counsel was ineffective during the sentencing phase for suggesting Mr. Fahy would likely be released on parole . . .").

2. The Petition is **DENIED** as to:
    a. Claim B ("Trial and appellate counsel were ineffective for failing to object to and litigate the claim that the penalty phase instructions unconstitutionally precluded jurors from weighing mitigating factors unless the jury first unanimously found those factors");
    b. Claim E ("The prosecutor misleadingly diminished the jury's sense of responsibility for imposing sentence upon Mr. Fahy, in contravention of Caldwell v. Mississippi, and in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments");
    c. Claim F ("Mr. Fahy's sentence must be vacated because of prosecutorial misconduct during the sentencing phase of Fahy's capital trial, in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to

---

[1] The claims are referred to as reordered in Petitioner's Supplemental Memorandum of Law Following Remand.

      the United States Constitution");

    d.    Claim G ("Mr. Fahy's sentence must be vacated because the jury was unconstitutionally instructed on the 'torture' aggravating circumstance in violation of Fahy's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution"); and

    e.    Claim H ("Henry Fahy is entitled to relief from his death sentence because Pennsylvania's (D)(9) 'significant history' of violent felony convictions aggravating circumstance is unconstitutionally vague in violation of the Eighth and Fourteenth Amendments to the United States Constitution").

3. Petitioner's death sentence is **VACATED**;

4. The execution of the writ of habeas corpus is **STAYED** for 180 days from the date of this Order, during which period the Commonwealth of Pennsylvania may conduct a new sentencing hearing in a manner consistent with this opinion;

5. After 180 days, if the Commonwealth of Pennsylvania has not conducted a new sentencing hearing, the writ shall issue and the Commonwealth shall sentence Petitioner to life imprisonment without parole;

6. In accordance with 28 U.S.C. § 2253, a certificate of appealability is **GRANTED** as to Claims A, C, D, E, and F.

7. If either Petitioner or Respondents file an appeal to the United States Court of Appeals for the Third Circuit, the entry of this Order will be stayed pursuant to Eastern District of Pennsylvania Local Rule 9.4 (12) pending disposition of the appeal.

                                        /s/ Norma L. Shapiro

                                                        J.